UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE FRIED,

       Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC.,

       Defendant.

_____/

Case No. 14-12865

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING
## DEFENDANT'S APRIL 23, 2015 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Experian Information Solutions' April 23, 2015 motion for summary judgment. Plaintiff Suzanne Fried filed a response May 13, 2015; and Defendant filed a reply May 27, 2015. Oral argument was heard September 17, 2015.

## BACKGROUND FACTS

Plaintiff Suzanne Fried entered into a trial loan modification of her home mortgage with Bank of America, formerly a defendant in this suit, on July 22, 2011. According to the Loan Modification Agreement ("LMA"), Plaintiff's modified payments were to be made August through November 2011. The LMA provided the following:

> While you are on your Trial Plan, you are making less than the full contractual payment. Therefore, we will report your loan as delinquent, because the full payment is not being made. However, after your loan is modified, we will only report the loan as delinquent if the modified payment is not received in a timely matter.

Compl. at ¶ 7.

Pursuant to her modification agreement with Bank of America, Plaintiff made all of her payments to Bank of America in a timely manner. However, Bank of America reported those payments as delinquent "because the full payment [was] not being made."

In March 2014, Plaintiff, through Michigan Consumer Credit Lawyers, sent defendant Experian a letter disputing the Bank of America late payments for September, October, November and December 2011. Experian forwarded the dispute to Bank of America; and on March 25, 2014, Plaintiff received the results of Experian's reinvestigation, which showed that the Bank of America late payments remained on her credit report.

On June 5, 2014, Plaintiff, again through Michigan Consumer Credit Lawyers, sent Experian a second letter of dispute about the Bank of America account. Experian again investigated the dispute; and on June 24, 2014, Plaintiff was notified that the late payments remained on the credit report. Plaintiff filed this suit July 22, 2014, alleging violations of the Fair Credit Reporting Act against Experian, Trans Union, Equifax Information Services, and Bank of America. All defendants except Experian have been dismissed from this lawsuit. Against defendant Experian the complaint alleged negligent (Count V) and willful (Count VI) failure to conduct a proper reinvestigation of Plaintiff's disputes as required by 15 U.S.C. § 1681i[1]. In the response brief and at oral argument Plaintiff's counsel conceded the claim for negligent failure to conduct an investigation; therefore, only Count VI remains.

---

[1]Paragraph 57 of the complaint alleges that Experian willfully violated 15 U.S.C. § 1681(e)(b), which requires Experian to use reasonable procedures to assure maximum possible accuracy. The only issue is Experian's procedure regarding its reinvestigations of Plaintiff's letters of dispute. Therefore, Plaintiff's claims are governed by 15 U.S.C. § 1681i.

**LAW AND ANALYSIS**

If a consumer notifies a reporting agency that any item of information on the consumer's file is disputed, the Fair Credit Reporting Act requires that the reporting agency conduct a reasonable investigation within 30 days.  15 U.S.C. § 1681i(a)(1).  In this case plaintiff Fried alleges that the two reinvestigations conducted by Experian were not "reasonable."

Plaintiff's LMA with Bank of America specifically provided that during the loan modification period her loan would be reported as delinquent because the full payment was not being made.  It further provided that after the loan modification period was over, Bank of America would report the loan as delinquent only if payments were not made in a timely manner.  The language of the LMA is clear and unambiguous.  Therefore, Experian's reporting of the delinquencies was accurate.  Accurate reporting cannot give rise to an FCRA claim.  See DeAndrade v. Trans Union, L.L.C., 523 F.3d 61, 67 (1st Cir. 2008).

Even if the reporting were not accurate, the court would find that Experian's reinvestigations were reasonable under these circumstances.  Although the question of reasonableness is often left to the jury, there are situations in which a court can determine that the procedures used by a reporting agency are reasonable as a matter of law.  See Quinn v. Experian Solutions, 2004 WL 609357 (N.D. Ill. 2004); Dickens v. Trans Union Corp., 2001 WL 1006259 (6th Cir. 2001); Davis v. Equifax Info. Servs., L.L.C., 346 F. Supp. 2d 1164 (N.D. Ala. 2004);and Benson v. Trans Union, L.L.C., 387 F. Supp. 2d 834 (N.D. Ill.. 2005).  In the string of cases cited, the credit reporting company prepared a Consumer Dispute Verification form and sent it to the company that had reported a debt as delinquent.  The company then contacted the credit reporting company and verified that it was delinquent.  The credit reporting company subsequently informed the consumer

3

that the delinquency would remain on the credit report. In all these cases, courts found that because the consumer provided the credit reporting company with no evidence that the creditor company was an unreliable source, there was no reason for the credit reporting company to make further inquiry; and their reinvestigations were deemed "reasonable" under the Act.

The same is true in this case. Because plaintiff Fried failed to provide Experian with evidence to show that Bank of America was unreliable in its reporting of her delinquencies, this court can and does find that Experian's reinvestigations were reasonable as a matter of law. In this case in particular, in which the LMA between Plaintiff and Bank of America specifically provided that her payments would be reported as delinquent even if they were paid in a timely manner, there is no amount of investigating that could have been done by Experian that would have resulted in Plaintiff's payments being reported as anything other than delinquent. The court notes that the LMA's provisions are logical under the circumstances for the reason provided in the LMA itself. "Because full payment is not being made," it makes sense that other potential creditors will be made aware that Plaintiff had not met her full obligations under the terms of her initial mortgage agreement. If Plaintiff had not wanted her timely, though abridged, payments to be reported to the credit reporting agency as delinquent, she should have negotiated with Bank of America to modify the terms of the LMA.

Finally, in order to constitute a willful violation of the Act, the violation must be either intentional or a violation committed by the consumer reporting agency in reckless disregard of its duties under the Act. Birmingham v. Experian Info. Solutions, Inc., 633 F.3d 1006 (10th Cir. 2011). In this case there is no evidence to support a finding of a willful violation of the Act.

4

## <u>ORDER</u>

It is hereby **ORDERED** that defendant Experian Information Solutions' April 23, 2015 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  September 22, 2015

 

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 22, 2015, using the ECF system.

s/William Barkholz
Case Manager
